**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LAYMAN LESSONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:06-cv-0588** |
| | ) | |
| **CITY OF MILLERSVILLE, TENNESSEE,** | ) | **Judge Thomas A. Wiseman, Jr.** |
| | ) | |
| **Defendant.** | ) | |

**ORDER OF FINAL JUDGMENT**

Plaintiff Layman Lessons, Inc. filed its complaint in this matter seeking injunctive and declaratory relief as well as compensatory damages arising under 42 U.S.C. § 1983 from the Defendant City of Millersville's alleged violation of the United States Constitution; Plaintiff also claims violations of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), and the Tennessee Constitution. Before the Court now are Plaintiff's Motion for Summary Judgment (Doc. No. 56) and Defendant's Motion for Summary Judgment (Doc. No. 67).

The Court, having considered the applicable law and the undisputed facts, the parties' arguments and the entire record in this matter, finds, as explained more fully in the accompanying Memorandum Opinion, that each motion must be granted in part and denied in part, resulting in the resolution of all pending claims. Plaintiff will, however, be deemed the "prevailing party" and will be entitled to costs, including attorney's fees commensurate with its degree of success.

Accordingly, Defendant City of Millersville's Motion for Summary Judgment (Doc. No. 67) is hereby **GRANTED IN PART AND DENIED IN PART**. Specifically, summary judgment is **GRANTED** in favor of the Defendant on Plaintiff's claims pertaining to the facial invalidity of the Proposed NP-1 Ordinance, Plaintiff's 42 U.S.C. § 1983 claims premised upon the acts of James Lech in delaying or denying issuance of the Certificate of Occupancy, and on any potential claims under the RLUIPA or under the Equal Protection Clause of the United States Constitution (brought through § 1983) based upon enforcement of the buffer-strip ordinance, Millersville Mun. Code § 90-19. In all other respects, Defendant's motion is **DENIED**.

Plaintiff Layman Lessons' Motion for Summary Judgment (Doc. No. 56) is likewise **GRANTED IN PART AND DENIED IN PART**. Summary judgment is **GRANTED** in favor of the Plaintiff insofar as the Court finds that Defendant violated its rights under the RLUIPA and § 1983 related, respectively, to the withholding of the Certificate of Occupancy and the enforcement of the buffer-strip ordinance, Millersville Mun. Code § 90-19.

The Court finds that Plaintiff, not having proved actual damages, is entitled to recover nominal damages. The Court hereby awards nominal damages to the Plaintiff in the amount of $2.00.

Further, Paragraph 4 of the Order entered by Magistrate Judge Griffin on September 6, 2007 (Doc. No. 53) is modified to read as follows:

> 4. The plaintiff concedes that it cannot prove that it suffered actual damages as a result of the defendant's actions. The plaintiff remains entitled to recover nominal damages if it proves violations of its rights as alleged in the Amended Complaint.

Finally, the Court finds that Layman Lessons is the "prevailing party" in this matter and as such will be entitled to seek recovery of its costs pursuant to Fed. R. Civ. P. 54(d)(1) and the applicable statutes and Local Rule 54.01(a). In addition, it is entitled to recover as part of its costs a reasonable attorney's fee pursuant to 42 U.S.C. § 1988(b), by means of a motion filed in accordance with Fed. R. Civ. P. 54(d) and Local Rule 54.01(b).

In all other respects, Plaintiff's Motion for Summary Judgment is **DENIED**.

All other outstanding motions are hereby terminated as moot. All issues being resolved, this matter is **TERMINATED** although the Court retains jurisdiction of the matters of costs and attorney's fees.

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge